THE CITY OF NEW YORK, Plaintiff, *v.* BRONX COUNTY TRUST COMPANY, Appellant, Impleaded with CENTRAL HANOVER BANK AND TRUST COMPANY and Others, Respondents.

First Department, January 15, 1932.

*Charles L. Woody* of counsel [*Goldwater & Flynn*, attorneys], for the appellant.

*Spotswood D. Bowers* and *Wolfgang S. Schwabacher* of counsel [*Henry M. Carpenter, Hyman N. Glickstein, Felix A. Fishman* and *T. R. Iserman* with them on the briefs; *Laughlin, Gerard, Bowers & Halpin*, attorneys for Corn Exchange Bank Trust Company; *Hays, Hershfield, Kaufman & Schwabacher*, attorneys for Interstate Trust Company; *Moses & Singer*, attorneys for Public National Bank and Trust Company; *Larkin, Rathbone & Perry*, attorneys for Central Hanover Bank and Trust Company], for the respondents.

McAvoy, J.   The city of New York brought suit against the Bronx County Trust Company, alleging that the city had deposited with the trust company funds amounting to more than $11,229.13 to be paid out on its proper order, and that between December 1925, and April, 1928, the defendant trust company misapplied said amount by paying it out without the order, knowledge or authority of the city.

The Bronx County Trust Company made a motion to bring in as defendants the four defendant banks above named, alleging it had paid out said money on checks which said banks had indorsed. Said motion was granted the 5th day of June, 1929.

Thereafter a second amended answer was served by the Bronx County Trust Company, alleging that it had paid said money out on checks indorsed by said four defendant banks and that said checks were forgeries, and judgment was asked against each of said four banks for the amounts each received.   After said four banks had answered the second amended answer, the Bronx County Trust Company, having no defense to the city's case, paid the city's claim against it and prosecuted its claim against said four banks as indorsers.

The facts out of which the liability of the indorsing banks arises are as proven or conceded: That one William J. Lougheed was garage manager in the street cleaning department of the city of New York located at Cromwell avenue in the borough of Bronx, and had been handling all the drivers in a given district for thirty years.   He, as garage manager, handled the drivers in a given district in the street cleaning department for the removal of snow, rubbish and dirt from the streets.   Some of these men drove, some loaded and some did sweeping.   Among his assistants was one Benjamin Stoeber who was his clerk.   In some instances Stoeber assisted him in making up the payrolls.

Prior to 1924 said Lougheed entered into a conspiracy with said Stoeber to pad the payrolls of the street cleaning department

and defraud the city. They selected names from telephone books and from cards on the door bells of apartment houses, and entered them on the various records of the department. They placed these names in the carting book, in the statistical record book, on the time sheets and the address book. At the end of each week the payroll was made up in duplicate showing the time during which these fictitious persons were supposed to have worked. These payrolls, which included men who had really worked and also fictitious names thus added, were certified to by Lougheed and by the district superintendent and forwarded through the bureau of street cleaning to the department of finance. There the amounts were checked and in about a week the payroll would be returned through the borough office of the street cleaning department to the Cromwell avenue garage with the checks for each name shown on the payroll, including, of course, the checks for the fictitious persons. Then the pay checks for the fictitious persons were taken and signed by Lougheed or Stoeber on the identification line on the face of the check, and at the same time and in the same handwriting the payee's name was indorsed on the back of the check. Lougheed also receipted for the check in the same handwriting on the payroll. Some of the fictitious names were used for weeks and months. This continued from some time in 1924 down to the spring of 1928. This evidence was given by both Lougheed and Stoeber and is uncontradicted.

A list of the checks of Central Hanover Bank and Trust Company is annexed to the Bronx County Trust Company's second amended answer as Exhibit " C." They were identified by Lougheed, who testified that the name in the check after the words " Pay to the order of " was written on the payrolls by him, and that no such person ever existed. He signed a receipt for the check and the indorsement of the payee on the back of the check was signed by him. These seven checks were received in evidence as Exhibit " 3," and the signature of the payee and the payee's indorsements were proven by handwriting experts to be in the same handwriting on all seven of said checks, although payable to different payees. Lougheed testified that these checks were cashed by depositing the same to the fictitious name of Thomas Brown, Jr., and that he, Lougheed, got the money for the checks and the city did not get any of the money.

A list of the checks of Public National Bank and Trust Company is annexed to the Bronx County Trust Company's second amended answer as Exhibit " D." The payees' names were fictitious and the indorsements of the payees' names were forgeries. They were also indorsed by Lena Zankel. One Charles Zankel showed

Lougheed he could cash the checks, and he got the money when the checks were cashed and brought it to Lougheed. He turned the checks over to his wife who cashed them. These checks were marked in evidence as Exhibits " 4," " 6 " and " 9," and it was proven by handwriting experts that the payee's indorsement was the same signature as on all of said checks.

A list of the checks of Hamilton National Bank is set forth in Exhibit " E," annexed to the second amended answer of the Bronx County Trust Company. The payee and the payee's signature were fictitious and Charles Zankel, the indorser, cashed the checks and gave the money to Lougheed.

A list of the checks paid to the Corn Exchange Bank Trust Company on its indorsement is annexed to the Bronx County Trust Company's second amended answer as Exhibit " F." The indorsers of these checks were Charles Zankel, G. Sneider and Peter Henery. Stoeber went under the name of Peter Henery and cashed these checks at the Corn Exchange Bank Trust Company on the indorsement of Peter Henery. G. Sneider, a dry goods man, and L. Sneider, his wife, cashed checks for Stoeber at the Corn Exchange Bank Trust Company. On all of these checks the payee and the payee's indorsement were forged by Lougheed and the evidence is uncontradicted on that point.

Each of said banks presented its checks to the Bronx County Trust Company for payment, indorsed by said bank, and as a part of said indorsement a stamp read: " Prior indorsements guaranteed."

Sections 115 and 116 of the Negotiable Instruments Law expressly provide that indorsers by their indorsements and delivery of the checks to an indorsee and by receiving payment therefor, warranted the signatures on the checks to be genuine, valid and subsisting.

The city was not negligent in the payment of its employees by the use of these checks sued upon, and was not estopped from recovering the amount of said checks from the Bronx County Trust Company because the payees' names were forged.

Negligence on the part of the drawer of a check is wholly immaterial and does not constitute a defense to the indorsing banks.

We think the fictitious character of the indorsers was proven by the defendant Bronx County Trust Company, and that the payments were made on the faith of the indorsements of the indorsing defendants, and that the Bronx County Trust Company is entitled to recover the sum paid to the city of New York prorated according to the payments made on the various defendants' indorsements.

The judgment should be reversed, with costs, and the defendant Bronx County Trust Company given judgment as follows: Against Central Hanover Bank and Trust Company in the sum of $132.52, with interest from the 2d day of March, 1927, amounting to $34.04; against Public National Bank and Trust Company in the sum of $167.53, with interest from the dates of payment as appears on the checks, amounting to $48.57; against Interstate Trust Company in the sum of $1,283.53, with interest from the dates of payment as appears on the checks, amounting to $305.08; against Corn Exchange Bank Trust Company in the sum of $7,163.87, with interest from the dates of payment as appears on the checks, amounting to $1,542.65.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment reversed, with costs, and judgment directed in accordance with opinion. Settle order on notice.